UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Ann & Richard Lessard,
    Plaintiffs

    v.                                  Case No. 12-cv-236-SM
                                           Opinion No. 2013 DNH 026
Vermont Mutual Insurance Co.,
    Defendant

**O R D E R**

Ann and Richard Lessard bring this action against Vermont Mutual Insurance Company, asserting that it wrongfully denied the Lessards' claim under a personal liability umbrella policy. In their amended complaint, the Lessards advance two claims: breach of contract (count one) and breach of the implied covenant of good faith and fair dealing (count two). Vermont Mutual moves to dismiss count two, saying it fails to state a viable cause of action under New Hampshire common law. The Lessards object.

For the reasons discussed, Vermont Mutual's motion to dismiss count two is granted.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in

favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

**Background**

Accepting the allegations set forth in the amended complaint as true, the relevant facts are as follows. In July of 2003, Richard Lessard was driving a motorcycle on which his wife, Ann, was a passenger. When the vehicle in front of him stopped to avoid a deer in the road, Richard stopped his motorcycle. A car that had been traveling behind the Lessards then collided with the rear of their motorcycle, seriously injuring Ann.

The driver of the other vehicle was insured to a limit of $100,000. Her carrier settled the Lessards' claims against her for the policy limit. The Lessards then made a claim against their own motorcycle insurance policy (issued by EMC Insurance Company), which provided underinsured/uninsured coverage up to a

limit of $250,000.  Although it is not clear from the amended complaint, the court will assume that the Lessards also made a timely claim against Vermont Mutual, under their personal umbrella policy.  That umbrella policy provided coverage up to $1 million, but had a retained limit of $250,000.  That meant coverage under the umbrella policy would not be "triggered" unless the Lessards' damages exceeded $250,000.

The Lessards say that in January of 2012, they asked Vermont Mutual to participate in mediation, aimed at resolving their claims against both EMC (for covered damages up to $250,000) and Vermont Mutual (for covered damages in excess of $250,000).  In April, Vermont Mutual declined the invitation, contending that, given the information the Lessards had provided to date, their damages did not appear to equal or exceed the umbrella policy's $250,000 threshold.  In fact, says Vermont Mutual, the Lessards never made a demand under the policy and it was not until the day <u>after</u> this action was filed that they submitted a copy of a medical report the Lessards claim establishes the extent and permanency of Mrs. Lessard's injuries.

Approximately one month later, in May of 2012, the Lessards settled their underinsured motorist claim against EMC for an

undisclosed amount. They brought this action against Vermont Mutual in June of 2012.

## Discussion

I. <u>The Implied Covenant of Good Faith</u>.

New Hampshire's common law provides that, in certain circumstances, contracts contain an implied covenant of good faith and fair dealing.

> [U]nder an agreement that appears by word or silence to invest one party with a degree of <u>discretion</u> in performance <u>sufficient to deprive another party of a substantial proportion of the agreement's value</u>, the parties' intent to be bound by an enforceable contract raises an implied obligation of good faith to observe <u>reasonable limits in exercising that discretion</u>, consistent with the parties' purpose or purposes in contracting.

<u>Centronics Corp. v. Genicom Corp.</u>, 132 N.H. 133, 143 (1989) (emphasis supplied). The New Hampshire Supreme Court has recognized three distinct categories of contract cases in which the implied covenant of good faith and fair dealing is implicated: "those dealing with standards of conduct in contract formation, with termination of at-will employment contracts, and with limits on discretion in contractual performance." <u>Id</u>. at 139. Count two of the Lessards' amended complaint implicates the latter of those three categories.

In the context of an insurance contract, the New Hampshire Supreme Court has made clear that "[n]ot every delay or refusal to settle or pay a claim under the policy will constitute a breach of the contract." Lawton v. Great Southwest Fire Ins. Co., 118 N.H. 607, 612 (1978).  Moreover, "allegations of an insurer's wrongful refusal or delay to settle a first-party claim do not state a cause of action in tort." Id. at 614.  But, "[w]here the [insurer's] failure to make prompt payment under the policy is to <u>coerce the insured</u> into accepting less than full performance of the insurer's contractual obligations, . . . there is a breach of this covenant [of good faith and fair dealing]." Id. at 612 (emphasis supplied).  In other words, "Lawton may be seen as holding that under a contract leaving the time for performance unspecified, good faith limits discretion under a standard of commercial reasonableness." Centronics, 132 N.H. at 142.

II. <u>Count Two of the Amended Complaint</u>.

In count two of their amended complaint, the Lessards assert the following:

   57. Plaintiff Ann Lessard has already sustained
       over $150,000.00 in medical expenses.

   58. She has a significant medically documented
       permanent impairment.

5

> 59. The value of this case is clearly in excess of $250,000.00.
>
> 60. The Plaintiffs, through counsel, have invited Vermont Mutual to attempt to resolve this claim through private mediation.
>
> 61. Vermont Mutual not only rejected that offer, but has indicated that it refuses to pay anything to the Plaintiffs in this case.
>
> 62. As a result, Vermont Mutual has forced the Plaintiffs to file this action to vindicate their contractual rights.
>
> 63. This constitutes a breach of Vermont Mutual's duty of good faith and fair dealing with respect to the insurance contract at issue.

Amended Complaint (document no. 10).  Plainly, those allegations are sufficient to state a viable claim for breach of contract. They are not, however, sufficient to state a separate claim for breach of the implied covenant of good faith.  For example, the amended complaint does not allege that Vermont Mutual's allegedly wrongful denial of the Lessards' claim was designed "to coerce the insured into accepting less than full performance of the insurer's contractual obligations."  <u>Lawton</u>, 118 N.H. at 612. Nor does it allege that Vermont Mutual is delaying payment (on what it knows to be a legitimate claim under the policy) beyond a commercially reasonable time.  Nor does it allege that Vermont Mutual has exceeded commercially reasonable limits in exercising its discretion under the policy.  <u>See</u> <u>Centronics</u> 132 N.H. at 143.

Nothing in count two of the amended complaint adds anything of legal significance to the breach of contract claim set forth in count one.  In fact, the only meaningful distinction between the two counts lies in the different damages the Lessards seek to recover (in count two, they seek to recover economic damages, damages for emotional distress and anxiety, and attorney's fees).

Because the Lessards' claim for breach of the implied covenant of good faith and fair dealing merely restates their breach of contract claim, and because their amended complaint alleges no conduct by Vermont Mutual of the sort described in Centronics and Lawton, count two fails to state a viable cause of action under New Hampshire common law.  See, e.g., Balsamo v. University System of New Hampshire, 2011 WL 4566111, *4 (D.N.H. Sept. 30, 2011); Lakeview Management, Inc. v. Care Realty, LLC, 2009 WL 903818, *24 (D.N.H. March 30, 2009).

## Conclusion

For the foregoing reasons, as well as those set forth in defendant's memoranda (documents no. 9-1 and 13), defendant's motion to dismiss count two of the amended complaint (document no. 9) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 27, 2013

cc: Peter E. Hutchins, Esq.
　　 Gary M. Burt, Esq.